

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# Falciglia v. Erie Cty Prison

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Falciglia v. Erie Cty Prison" (2008). *2008 Decisions*. Paper 1138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-129                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-4300
_____

WAYNE FALCIGLIA,
                                        Appellant

v.

ERIE COUNTY PRISON; CANTEEN SERVICE ERIE COUNTY; VINCENT
KINNANI, DEPUTY WARDEN; JAMES VESHECCO, WARDEN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00192E)
District Judge: Honorable Maurice B. Cohill

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008
Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed: May 27, 2008 )
_____
OPINION
_____

PER CURIAM

    In August 2006, Wayne Falciglia, a state prisoner, filed a pro se civil rights

complaint alleging that he was not provided with adequate access to the prison law

library, that he did not receive a medically approved diabetic diet, and that he was placed

in the restrictive housing unit in retaliation for arguing with a prison employee and "without . . . being found guilty of any infraction." Falciglia sought monetary damages and declaratory and injunctive relief.[1] The defendants, the Erie County Prison, its warden and deputy warden, and Canteen Correctional Services ("Canteen"), filed motions for summary judgment.

The matter was referred to a Magistrate Judge, who recommended granting the summary judgment motions. Specifically, the Magistrate Judge concluded that the Prison was immune from suit, that Falciglia did not demonstrate an actual injury to his ability to litigate a claim, that his placement in the restrictive housing unit did not implicate a protected liberty interest, and that Falciglia failed to contradict evidence that he was served a diet appropriate for diabetics. The District Court adopted the Magistrate Judge's Report and Recommendation and entered judgment in favor of the defendants. In a separate opinion, the District Court rejected Falciglia's arguments that the defendants were permitted to circumvent discovery, that the Prison is not a state agency entitled to qualified immunity, and that he was prevented from filing a petition for a writ of certiorari in a separate civil rights action. Falciglia appealed.

We have reviewed Falciglia's complaint and amended complaint, his responses to

---

[1] Falciglia also filed a motion for a preliminary injunction, seeking an order requiring the Prison to provide him with an appropriate diet. After the Prison provided evidence concerning the caloric content of Falciglia's meals, the District Court denied the motion. Because Falciglia is no longer housed at the Erie County Prison, his request for injunctive relief is moot.

the motions for summary judgment, and his objections to the Magistrate Judge's Report and Recommendation. Because we conclude the appeal presents no substantial question, see I.O.P. 10.6, we will summarily affirm.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We may affirm the District Court's grant of summary judgment on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

The District Court properly granted summary judgment on Falciglia's claims against the Erie County Prison. Liability under 42 U.S.C. § 1983 may not based on the doctrine of respondeat superior. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Thus, in order for the Prison to be liable, Falciglia would have to show that it had an established policy or custom that resulted in the alleged constitutional violations at issue. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Falciglia failed to identify any such customs or policies.

Falciglia claimed that the warden and deputy warden limited his access to the

3

prison library, thereby preventing him from filing a timely petition for a writ of certiorari.

Prisoners have a right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996).

To state an access to the courts claim, however, a prisoner must demonstrate that the

underlying claim was "arguable" and "nonfrivolous," describe the official acts frustrating

the litigation, and identify a remedy that could not otherwise be obtained. See

Christopher v. Harbury, 536 U.S. 403, 415 (2002). Falciglia has not made this showing.

In support of this claim, Falciglia submitted an order, issued by the United States Court of

Appeals for the Second Circuit, denying a motion for reconsideration. He also provided a

letter from the Supreme Court Clerk rejecting a certiorari petition in the same case

because it was filed too late. Importantly, however, other than the name of the case,

Falciglia v. Westchester County Jail, there is no information concerning the underlying

cause of action. Christopher, 536 U.S. at 416 (requiring that "the predicate claim be

described well enough to apply the 'nonfrivolous' test and to show that the 'arguable'

nature of the underlying claim is more than hope."). Therefore, the District Court

properly dismissed Falciglia's access to the courts claim. See Gibson v. Superintendent

of N.J. Dep't of Law & Public Safety-Div. of State Police, 411 F.3d 427, 444-45 (3d Cir.

2005) (dismissing denial of access claim for failure to specify causes of action lost as a

result of alleged wrongdoing).

Falciglia further alleged that he was "placed in [the] Restrictive Housing Pod

without ever getting a misbehavior report or being found guilty of anything." Following

4

an argument with a prison employee, Falciglia moved to the restrictive housing unit where he was confined to his cell 24 hours a day for the first seven days; over the next 30 days, he was "lock[ed] down" for 18 hours a day. The Due Process Clause protects liberty interests created by the laws or regulations of a state. See Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the Supreme Court held that "these interests will be generally limited to freedom from restraint" which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Applying Sandin and its progeny to the circumstances presented here, we are convinced that the conditions experienced by Falciglia while in the restrictive housing unit for 37 days did not impose on him an "atypical and significant hardship." See Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997) (15 months in administrative custody not "atypical and significant hardship"). In addition, the uncontroverted record indicates that prison officials prepared a misconduct report and held a hearing on the charges against Falciglia. Thus, Falciglia was not deprived of a state created liberty interest and, as such, there could be no due process violation.[2]

Finally, Falciglia alleged that the defendants failed to provide him with an

---

[2] To the extent that Falciglia asserted a retaliation claim based on his placement in the restrictive housing unit, he failed to prove that the conduct that led to the alleged retaliation (his argument with a prison employee) was constitutionally protected. See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001).

"A.M.A. diabetic diet," thereby exhibiting "deliberate indifference" to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Prison officials must ensure that "inmates receive . . . adequate food . . . ." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). But a prison official cannot be found liable for an Eighth Amendment violation "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. In this case, the summary judgment record convinces us that the defendants did not act with deliberate indifference. The defendants submitted the affidavit of Canteen's Food Service Director, which indicated that Falciglia was served a diet designed for diabetics that, while similar to the general population menu, modified the portions served and substituted certain menu items, such as fruit for cookies and cake. In addition, the diet menu – which provided for either 2000, 2400, or 3000 calories per day, depending on the inmate's specific needs – consisted of three full meals, plus three snacks, seven days a week. "Diet Orders" in the record demonstrated that medical personnel had authorized a diabetic menu for Falciglia over a period of several months. Falciglia did not provide any evidence, other than his own conclusory statements, establishing that the defendants knew that his diet was inappropriate for a diabetic. See Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 511- 12 (3d Cir. 1994) (holding that once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the

6

"nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."). Falciglia's dissatisfaction with the diabetic diet does not amount to a constitutional deprivation. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

For the foregoing reasons, we conclude the appeal presents no substantial question. Accordingly, we will summarily affirm. See I.O.P. 10.6.

Judge Ambro would have remanded for answers to interrogatories.